UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| COREY ADAM RAY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DOHYUN KIM, *et al.*, )<br>)<br>Defendants. ) | Cause No. 2:25-CV-333-PPS |

## ORDER AND OPINION

Corey Adam Ray, proceeding *pro se*, filed a civil complaint and two motions for leave to proceed in forma pauperis. [DE 1,2, 4.] The first motion for ifp did not include the necessary financial information, so I asked the Clerk to mail Ray a copy of the form AO 239 and for him to complete it on or before September 2, 2025. [DE 3 at 1.] Ray timely returned the completed form on August 27, 2025. [DE 4.] Ray has satisfied the financial prong of the ifp application.

In an order dated September 4, 2025, I reviewed the complaint under Section 1915(e)(2)(B). That provision requires me to dismiss an action if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §1915(e)(2)(B); DE 6. In my September order, I found that Ray properly pleaded a claim against Defendant Officers Kim, Santerre, and Shell in Count I for false arrest. [DE 6 at 3.] However, I found the other claims as articulated in the complaint were deficient and I gave Ray the opportunity to file an amended complaint. Specifically, I noted the deficiencies with

Count II (malicious prosecution against Defendants Malin and Brown), Count III (excessive bail against Defendant Wyatt), and Count IV (procedural due process violations under section 1983 against Defendants Malin and Brown). [*Id.* at 3-6.]

Ray timely filed an amended complaint on September 19, 2025. [DE 7.] So I will review the amended complaint to see if it has addressed and fixed the deficiencies previously noted in my order, and look at whether Ray has now properly stated these claims.

The amended complaint brings claims against the same defendants, although some are being sued in a different capacity now: Dohun Kim, Santerre, and Shell (all police officers with the Lafayette Police Department) are sued in their individual capacities, Rex Malin (the Tippecanoe County Prosecutor) is sued in his official and individual capacity, Nathan Brown (the investigator employed by the Tippecanoe County Prosecutor's Office) is sued in his individual capacity, and Sarah Wyatt (the Judicial Magistrate in Tippecanoe County) is sued in her official capacity. [Am. Compl., DE 7, at 1-2.] The core facts are the same; Ray alleges he was on private property in Tippecanoe County when he was arrested for criminal trespass without any warning and without given an opportunity to leave. [*Id.* at 2.]

Following the arrest, Ray was incarcerated and formal charges were filed by Prosecutor Malin and Investigator Brown. [*Id.* at 3.] The amended complaint adds that "Defendant Rex Malin, with authority as Prosecutor, and Defendant Nathan Brown as investigator, reviewed case records and authorized trespass charges by preparing and

filing the charging documents. Their involvement included review of police reports and authorizing the continued prosecution despite documented absence of probable cause and statutory prerequisites for criminal trespass." *Id.*

The amended complaint also alleges that Defendant Wyatt set Ray's bail at $2,500 "without hearing or adversarial presentation, and without findings on the record." [*Id.* at 5.]

The amended complaint alleges the same claims as the original complaint: false arrest/false imprisonment under 42 U.S.C. § 1983 (Count I), malicious prosecution (Count II), excessive bail/due process violation under 42 U.S.C. § 1983 (Count III), and procedural due process under section 1983 (Count IV).

The amended complaint, like the original, attempts to pursue claims against Judicial Magistrate Sarah Wyatt for setting excessive bail, but the claims against her cannot possibly be allowed to proceed. Judicial immunity protects judges and magistrates from liability under 42 U.S.C. § 1983. *Dellenbach v. Letsinger*, 889 F.2d 755, 758-59 (7th Cir. 1989); *Mitchell v. Forsyth*, 472 U.S. 511, 525 (1985); *see also Cannon v. Newport*, 850 F.3d 303, 307 (7th Cir. 2017) (finding claim that the judge set excessive bail in violation of the Eighth Amendment fails because the judge was entitled to immunity). Ray still has not set forth any viable claim against Magistrate Wyatt; therefore, Count III against Defendant Wyatt will be dismissed.

The malicious prosecution claim against Defendant Malin (the Tippecanoe County Prosecutor) is brought in both his official and individual capacity now. [DE 7 at

1.]  As to the official capacity claim, Malin has absolute immunity for his prosecutor's decision to bring an indictment, even if he lacked probable cause to indict.  *See Buckley v. Fitzsimmons*, 509 U.S. 259, 274 n. 5; *Spiegel v. Rabinovitz*, 121 F.3d 251, 257 (7th Cir. 1997) ("a prosecutor is entitled to absolute immunity for his malicious prosecution of someone whom he lacked probable cause to indict.").  However, as I noted in my previous order, the case law is also clear that a prosecutor may not be entitled to absolute immunity based on actions he takes during the investigative stage.  *See Fields v. Wharrie*, 740 F.3d 1107, 1113 (7th Cir. 2014) (prosecutor was not entitled to absolute immunity when he, "acting pre-prosecution as an investigator, fabricate[d] evidence and introduce[d] the fabricated evidence at trial").

The amended complaint acknowledges that Malin is entitled to absolute immunity for purely advocacy functions, but alleges "his involvement in reviewing, authorizing, and maintaining prosecution beyond commencement are investigatory acts not shielded by immunity." [DE 7 at 4.] It also alleges that Malin "reviewed reports, authorized charges, and declined to dismiss in the face of direct evidence and advice from defense counsel of legal deficiency." *Id.*  But these allegations do not establish that Malin was really acting as part of the investigative team and not entitled to absolute immunity.  For example, these types of cases involve where the prosecutor was part of the investigative team and permitted the torture that the police officer defendants used to coerce a fabricated confessions, *see Smith v. Burge*, 222 F.Supp.3d 669, 694 (N.D. Ill. 2016), and where a prosecutor acted more as an investigator when he was personally

4

involved in the interrogation, *see Orange v. Burge*, No. 04 C 0168, 2008 WL 4443280, at *10 (N.D. Ill. Sept. 29, 2008). Here, Ray merely alleges that Malin reviewed and authorized the prosecution, which firmly fits into absolute prosecutorial immunity. Therefore, the malicious prosecution claim against Malin in his official capacity must be dismissed.

As to the claim against Malin in his individual capacity for malicious prosecution, state officials do not enjoy absolute immunity from suit in their individual capacities. *Katz-Crank v. Haskett*, 843 F.3d 641, 648 (7th Cir. 2016). The Seventh Circuit has held that a federal malicious-prosecution claim (if one is available at all), borrows the elements of the state tort. *See Katz-Crank v. Haskett*, 843 F.3d 641, 649 (7th Cir. 2016). In Indiana, the plaintiff must prove: (1) the defendant instituted or caused to be instituted an action against the plaintiff; (2) the defendant acted with malice; (3) without probable cause; and (4) the action "was terminated in the plaintiff's favor." *Id.* at 649. Here, Ray fails to allege Malin acted with malice and Ray alleges the prosecution remains pending [DE 7 at 3], so the action has not been terminated in Ray's favor. Thus, Ray has not stated a claim for malicious prosecution against Malin in his individual capacity either.

The amended complaint has the same problems as to Brown, investigator for the Tippecanoe County Prosecutor's Office. The amended complaint indicates he is sued in his individual capacity. [DE 7 at 1.] Ray alleges Brown and Malin "reviewed case records and authorized trespass charges by preparing and filing the charging documents. Their involvement included review of police reports and authorizing the continued prosecution despite documented absence of probable cause." [DE 7 at 3.]

First, if Brown was sued in his official capacity, he would be granted the same immunity as Malin. As the court noted in *Hendricks v. New Albany Police Dep't*, No. 4:08-cv-0180-TWP-WGH, 2010 WL 4025633, at *5 (S.D. Ind. Oct. 13, 2010) ("the fact that [defendant] is an investigator - and not an actual prosecutor- is of no import.  It is well-settled that when determining whether or not absolute prosecutorial immunity applies, the crucial inquiry is the nature of the function performed, not the identity of the actor who performed it.").  Put succinctly, a prosecutor is absolutely immune when initiating a prosecution, *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976) but when the prosecutor functions as a police office or investigator, they are not subject to absolute immunity.  *Id.*  The amended complaint is clear that Brown "reviewed case records" including "review of police reports." [DE 7 at 3.]  This clearly shows that Brown was not an investigator who was acting like a police officer before the case was filed (for example, there are no allegations he conducted any interviews, searched for evidence, or personally gathered any information).  Rather, he was a part of the team reviewing the information and decided whether to bring charges.  This gives him absolute prosecutorial immunity too.  As to the individual capacity claim against Brown, Ray fails to allege Brown acted with malice or that the proceeding terminated in Ray's favor, so that also fails.

Count IV alleges a procedural due process claim against Defendants Malin and Brown, claiming they "deprived Plaintiff of a meaningful opportunity to challenge unfounded charges by maintaining prosecution solely to leverage a plea, despite known deficiencies." [DE 7 at 5.]  This is really similar to the malicious prosecution claim,

6

although it is stylized under section 1983 and as a violation of procedural due process. To the extent this could be considered a different legal theory, the scope of a prosecutor's absolute immunity extends beyond just bringing the case, to all aspects of decisions made during a case. *See Fields*, 672 F.3d at 510. Thus this claim is subject to prosecutorial immunity as well.

For these reasons, the Court:

(1) reiterates its **FINDING that** Ray has properly pleaded a claim against Defendant Officers Kim, Santerre, and Shell in Count I for false arrest;

(2) **DISMISSES** Count II (malicious prosecution against Defendants Malin and Brown), Count III (excessive bail against Defendant Wyatt), and Count IV (procedural due process violations under section 1983 against Defendants Malin and Brown), pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim;

(3) **GRANTS** the plaintiff leave to proceed in forma pauperis [DE 4];

(4) **DENIES AS MOOT** the previous motion for leave to proceed in forma pauperis [DE 2];

(5) **DEFERS** payment of the filing fee;

(6) **ORDERS** the plaintiff to pay the $350.00 filing fee from the proceeds of any recovery received in this case;

(4) **DIRECTS** the clerk to request Waiver of Service from (and if necessary the United States Marshals Service to serve process on) Defendants Kim, Santerre, and Shell, all police officers with the Lafayette Police Department , with a copy of this order and

the amended complaint [DE 7] pursuant to 28 U.S.C. § 1915(d); and

(5) **STRIKES** the second amended complaint filed on October 2, 2025 [DE 8], as it appears to be an exact duplicate of the amended complaint [DE 7].

**SO ORDERED**.

ENTERED: October 14, 2025.

 /s/ Philip P. Simon  
PHILIP P. SIMON, JUDGE  
UNITED STATES DISTRICT COURT